Chief Justice Robertson
delivered the Opinion of the Court.
Involved and extraordinary as are many of the facts presented by the record in this case, yet, when properly understood, and applied according to their true legal effect, the plaintiff’s various grounds for claiming a new trial, are reduced to a single question, and that is, whether his first petition for a change of venue, presented on the calling of the cause at the first term after the service of the writ, and without any previous notice to the defendant in error, entitled him to a continuance. And the solution of that question depends altogether on the proper interpretation of the sixth section of an act of 1815 (2 Stat. Law, 1527,) in these words: — 44 That a wish “ for a change of venue shall be good ground for the con-44 tinuance of a cause, if the application is made at the “ term to which the process is returned executed, and 44 if the party shall file an affidavit stating that he, she 44 or they do verily believe they cannot have a fair trial 44 in said court, owing to some of the causes before enu44 merated, accompanied with a petition for a change of “venue; provided always, that reasonable notice to the 44 adverse party, is all that shall be required.”
The only reason assigned, or which can be conjectured, for overruling the application for a change of venue, and for refusing, on the ground of that application, to continue the case, is, that the 44 adverse party” had no other notice than that which was given by the presentation of the- petition and affidavit in his presence in court. And the only point to be considered, therefore? is, whether such notice was 44 reasonable notice.”
Though the statute requires some notice, it leaves the sufficiency of it to the judgment of the court, in each particular case. And whether, in a given case, the no *63 tice be reasonable or not, must depend on the circumstances peculiar to that case, and on the true end of requiring any notice.
We suppose that the only reason for requiring notice of an intention to apply for a change of venue, is, that the “ adverse party,” may be present, so that he may object to the sufficiency of the grounds relied on, or to a removal to a court to which he may show a sufficient cause for objecting.
If the application, though made during the first term of the court, be made before the calling of the cause, and when the other party is not in court, proof of such actual notice to him of the intended application, as, under the circumstances of the case, should be deemed sufficient to afford him a fair opportunity to be present when the application is made, would be indispensable. But, as the only object of notice is to enable him to be present, he has reasonable notice if he be in court when the application is made, and such notice as, in our judgment, the foregoing section of the act of 1815 contemplated, when it declared that ureasonable notice is all that shall be required.” Being in court, and hearing the petition and affidavit read, the defendant in error had all the benefit which he should be presumed to have derived from a previous notice in writing; the only object of which would have been to enable him to be present to hear, and, if he chose, resist the application— which he, in fact, did. We are therefore of the opinion, that the plaintiff in error was entitled, by law to a continuance.
Wherefore, it is considered by this court, that the Circuit Judge erred in forcing the plaintiff in error into trial; and that therefore, the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.